# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Jay Quentin Wood, Jr., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     1:19cv7 (AJT/JFA) <br> ) |
| Officer Jones, <br> Defendant. | ) <br> ) <br> ) |

## MEMORANDUM OPINION & ORDER

Jay Wood, Jr. has brought a civil-rights action against Officer Jones, a correctional officer at Caroline Correctional Unit, alleging that the officer unconstitutionally applied excessive force. See 42 U.S.C. § 1983. [Dkt. No. 1]. Jones has moved for summary judgment and has provided Wood, a pro se litigant, with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 15, 18]. Wood opposes that motion. [Dkt. Nos. 19–20]. Because the undisputed evidence demonstrates that Wood failed to exhaust his administrative remedies, the Court will grant Jones's motion.

## I. Background

Wood avers that Officer Jones, without provocation, physically assaulted him in the chow hall at Caroline Correctional Unit during breakfast on October 20, 2018. [Wood Aff. ¶¶ 1, 4; Islam Aff. Enclosure B]. Wood filed an informal complaint later that day, explaining that Jones "grabbed and twisted" his arm when he was in line. [Islam Aff. Enclosure B]. Sergeant Maldonado reviewed the informal complaint and determined that it was unfounded.[1] [Islam Aff.

---

[1] "Unfounded," as the term is used to describe a grievance disposition, means that "an investigation determines that the offender's claim is untrue or that an alleged incident did not occur." Virginia Department of Corrections (VDOC) Operating Procedure (OP) § 866.1(IV)(G)(2)(c).

¶ 11 & Enclosure B]. Wood then reiterated his complaint about Jones in a regular grievance submitted October 31. [Islam Aff. Enclosure B]. He added that "because the staff here is turning a blind eye to this matter," he "fear[ed] for [his] well-being." [Id.]. Superintendent James White provided a Level I response on December 4. [Id.]. He found that the "grievance has been resolved at its lowest level and therefore unfounded." [Id.]. White further memorialized that he had met with Wood concerning the incident and decided to transfer him to a different correctional institution to "eliminate[] [Wood's] concerns for [his] safety." [Id.]. Because Wood had been transferred to Haynesville Correctional Unit on November 6—a month before the written response was completed—the grievance response was sent to him there. [Islam Aff. ¶ 14 & Enclosure B]. A. Islam, the Human Rights Advocate responsible for maintaining grievance files for offenders at Caroline Correctional Unit, avers that Wood did not appeal the Level I response to Level II review. [Islam Aff. ¶¶ 15–16]. Wood does not dispute that he failed to appeal, but declares that he "was transferred before [he] could receive a response at Caroline Correctional Unit." [Wood Aff. ¶ 5].

## II. VDOC Grievance Procedures

VDOC OP § 866.1 sets forth the procedures that inmates must follow to resolve offender complaints. [Islam Aff. Enclosure A]. Before submitting a formal grievance, an inmate must demonstrate that he made a good-faith effort to resolve the issue informally first, and that may be accomplished by submitting an informal complaint. VDOC OP § 866.1(V)(B). [Islam Aff. ¶ 6]. Once the informal complaint is resolved (or after the time limit to respond expires), the offender may submit a regular grievance. VDOC OP § 866.1(V), (VI). The initial response is considered Level I review. VDOC OP § 866.1(VI)(C)(1). The Level I response may be appealed to Level II review, and some Level II decisions are appealable to Level III review. VDOC OP

2

§ 866.1(VI)(C)(2), (VI)(C)(3). [Islam Aff. ¶ 8]. At each level, once the time limit to respond expires (30 calendar days for Level I and 20 calendar days for Levels II and III), the grievance becomes appealable. VDOC OP § 866.1(VI)(D)(3), (VI)(D)(5).

### III. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

### IV. Analysis

Officer Jones argues that he is entitled to summary judgment because the undisputed evidence demonstrates that Wood failed to exhaust his administrative remedies. The Court agrees.

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before initiating a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017). This requirement mandates "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 84 (2006). In other words, to exhaust administrative remedies "a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." Id. at 88; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Because Wood did not appeal the Level I decision to Level II review, he failed to comply with the applicable procedural rules and, thus, did not properly exhaust.

Wood raises two arguments attempting to overcome the defendant's exhaustion defense, neither of which enable him to surmount the PLRA's gatekeeping function. First, Wood contends that he never received the Level I response. To the extent that Wood is arguing that, because he never received the response, he exhausted all available remedies, that argument is unavailing. If an inmate does not receive a Level I response within thirty calendar days, the grievance is automatically appealable. VDOC OP § 866.1(VI)(D). So Wood could have appealed to Level II review—even if he never received the Level I response—but he did not; this much is undisputed. Second, Wood contends that he satisfied the PLRA's underlying purpose by putting the prison on notice of the problem so that it could address it. True enough, one purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally." See Woodford, 548 U.S. at 93 (internal quotation marks, brackets, and citation omitted). But proper exhaustion fulfills that goal by "giv[ing] prisoners an effective incentive to make *full use* of the prison grievance process" and "provid[ing] prisons with a fair opportunity to correct their own errors." Id. at 94 (emphasis added). All told, because Wood did not properly exhaust according to the VDOC's established procedures, Officer Jones is entitled to summary judgment.

Accordingly, it is hereby

ORDERED that defendant Officer Jones's motion for summary judgment [Dkt. No. 15] be and is GRANTED, and he is DISMISSED from this civil action; and it is further

ORDERED that plaintiff's motion for leave to proceed in forma pauperis [Dkt. No. 3] be and is DENIED as moot because the filing fee has been paid; and it is further

ORDERED that this civil action be and is DISMISSED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. <u>See</u> Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of the defendant, to send a copy of this Order to plaintiff and to counsel of record for defendant, and to close this civil action.

Entered this 30th day of December, 2019.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge